

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************

PRADEEP NAYYAR,                          CIVIL ACTION NO.
                                         3:01 CV 00862 (GLG)
        Plaintiff

VS.

SCANDINAVIAN MARINE CLAIMS,

        Defendant                        NOVEMBER 5, 2003
*****************************

## NOTICE OF APPEAL TO COURT OF
## APPEALS FROM JUDGMENT OR ORDER OF THE
## DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Notice is hereby given that the defendant Scandinavian Marine Claims, Inc. in the above

case hereby appeals to the United States Court of Appeals for the Second Circuit from judgment

of the court in its decision on the defendant's motion for judgment pursuant to Rule 50 of the

Federal Rules of Civil Procedure and its motion for new trial pursuant to Rule 59 of the Federal

Rules of Civil Procedure. The decision on those motions was made and filed by the Court on

October 7, 2003 and issued by the Honorable Gerard L. Goettel. The defendant further gives

notice of appeal of decision of the judgment which entered for wrongful discharge as the

evidence did not support the jury's finding as to the issue of wrongful discharge and further did

not support their finding as to the amount of damages awarded thereon.

damages in the amount of $250,000.00 based upon the claimed wrongful discharge.

The undersigned defendant has moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure Rule 50 by way of a motion and supporting memorandum dated July 23, 2003. The defendant now submits this motion for a new trial on similar issues in the alternative to the July 23, 2003 motion.

## II.    RELEVANT FACTS TO THIS MOTION:

The defendant respectfully states that the jury's finding on wrongful discharge is against the weight of the evidence. Similarly its finding that said wrongful discharge was willful, wanton and malicious is also against the weight of the evidence. Trial testimony focused on the plaintiff's claims of discrimination as opposed to his claims of wrongful discharge. There was limited testimony and evidence allowed over objection which relates to the claim of wrongful discharge.

Based upon the plaintiff's assertions, arguments and evidence which they attempted to submit and did submit over objection it appears that they were claiming wrongful discharge based on the claim that the plaintiff was discharged in retaliation over alleged concerns about alleged fraudulent billing practice, the plaintiffs challenge of alleged violation of immigration laws and alleged violation of federal laws prohibiting United States companies from doing business with Cuba.

The court charged that it was those three areas upon which the plaintiff claimed of wrongful discharge was based. Accordingly, the jury had to find that the plaintiff's complaints on those issues to the defendant or one of the defendant's agents was a substantial or motivating factor in his termination.

2

The court will find the plaintiff never testified or offered any evidence that he complained to the defendant or one of their agents about any issues relating to doing business with Cuba or that he complained about any alleged violation of immigration laws. The plaintiff did testify that he was receiving complaints about the defendants' invoices from the defendant's clients and testified that he passed along and forwarded those complaints to the president of the defendant company. It was in this area where the defendant believed that the court inappropriately allowed evidence that was both hearsay irrelevant to the issue of wrongful discharge.

The plaintiff initially attempted to introduce exhibit 22 which encompassed complaints from underwriters / clients of the defendant relative to invoicing. The plaintiff's objection to this exhibit as a whole was sustained. However, the court then allowed the plaintiff to submit various invoices and complaints which were previously part of exhibit 22 over the defendant's objection. These exhibits were 48, 49 and 50. The plaintiff also submitted exhibit 37 which related to invoice concerns which was dated May 5, 2000 over objection by the defendant. Exhibit 29 was also a document relative to a complaint admitted over objection from the defendant. The objection was that these matters and complaints constituted hearsay in that they were from third parties and that the plaintiff was obviously attempting to submit them for the truth of the matter asserted therein. The proposed exhibits were also irrelevant to the issue of wrongful discharge in that they constituted complaints by customers and did not relate to any issue or evidence that the plaintiff voiced his concerns or complained to the defendant about alleged fraudulent invoicing. The only time that there was an attempt to introduce evidence that the plaintiff complained that the billing was fraudulent or padding occurred was when he attempted to introduce evidence of his complaint

3

to the board of directors.  However, this complaint was after the plaintiff's termination and the court sustained the defendant's objection to the written complaint, but still allowed testimony about the complaint over objection.

There were numerous other areas of evidence and testimony that the plaintiff provided over objection.  Also, the court allowed, in numerous instances, the plaintiff to read from a document claiming that he was refreshing his recollection of an exhibit which the court sustained an objection to.  The plaintiff testified numerous times as to those issues and also was allowed to testify over objection to reiterate complaints made by third parties.

On a further note regarding the alleged complaints about invoices, the plaintiff himself testified that the complaints started as early as 1992.  However, the plaintiff also acknowledged that from the time of 1992 to the year 2000 of his termination he was promoted several times, made senior vice president and received numerous raises.  The plaintiff still complained that he believes that his termination related to his voicing complaints about invoicing.  However, despite all of his numerous alleged complaints, he received several promotions including his position of senior vice president in charge of technical.

With regard to the compensatory damage award, the jury found that same was $250,000.00.  However, the only evidence presented was the plaintiff and his wife who testified that he was upset and hurt by the fact that he was terminated.  There is no further evidence on the issue which the jury could have considered to come up with the figure of $250,000.00.

4

### III.    ORAL ARGUMENT:

The standard applicable for motions for a new trial under rule 59, Federal Rule of Civil Procedure, is less stringent than for a rule 50(b) motion for judgment as a matter of law. Morrisey v. National Maritime Union, 397F supp. 659, 669 (S.D.N.Y. 1975), reversed on other grounds, 544F.2d 19 (2d cir. 1976)). Unlike a rule 50(b) standard, a trial judge may order a new trial on the grounds that, in the judge's opinion, the decision was against the clear weight of the evidence 9a trials A. Wright and Arthur R. Miller, Federal Practice and Procedure Civil 2D section 2531. On deciding whether to grant a new trial, the court is free to consider the credibility of the witnesses and the weight of the evidence, although such considerations are not appropriate under rule 50(b). Id.

The court may grant a new trial because the verdict is against the weight of the evidence, the verdict is inconsistent, substantial errors were made in admitting or excluding evidence, damages are excessive or because of material which was improperly submitted or withdrawn from a jury. See Federal Rule Of Civil Procedure 59. A new trial must be granted if the court finds that the verdict was a result of passion or prejudice. Taylor v. Canadian National Railroad Company, 301F. 2d 1, 2 (2d cir.), cert. denied, 370 US 938 (1962).

   A.    A new trial should be granted on the issue of wrongful discharge, willful, wanton, malicious and accompanying damage in that said verdict was against the weight of the evidence. As the defendant asserted in its motion for judgment, the plaintiff's claim of wrongful discharged was based on the Connecticut State Common Law found in Sheets v. Teddy Frosted Foods, Inc., 197 Conn. 471 (1980). As the court is well aware and as it charged the jury

said legal theory is a narrow exception to the common law rule that an employer can discharge an at-will employee for any reason. See Id. As the law requires and his honor instructed the jury, the plaintiff must prove that he spoke out or expressed concerns on issues involving public policy and that those expressions or concern were the motivating factor in the decision to terminate him. There must be a causal connection between termination and the plaintiff's statements or concerns to the defendant.

As the evidence demonstrates, the plaintiff never offered evidence or testimony that he complained to the defendant about the alleged Cuba incident which apparently occurred in 1994 as well as the immigration issues. For the reasons further set forth in the defendant's motion for judgment pursuant to Rule 50 there was simply no evidence which a jury could determine that there were any complaints which were the basis or cause for termination on those issues.

With regard to the issues of complaints on invoices the record is clear that the only evidence of this was that customers were complaining the invoices were to high. The court even joked when questions were asked of the plaintiff over objection what was the complaint. The court indicated something to the effect that obviously that the invoice was too high. The plaintiff never testified that he voiced his own concerns or complaints about invoicing procedure until he attempted to introduce and testify that he made such a complaint to the board of directors. However, said complaint was not made until after he was terminated. Accordingly, that complaint could not have been the motivating factor for his termination. Further, the fact that the plaintiff passed along complaints of clients that the invoices were too high cannot be considered something which is embodied in an important public policy. In this regard, the plaintiff testified as did other surveyors

6

that there were numerous complaints that invoices were high going back to 1992. The plaintiff himself testified that he reiterated and passed along these complaints to representatives of the defendant since 1992. However, he seems to claim that the fact that he passed along complaints for this 8 year period, he was terminated in May of 2000. That fact is against the great weight of the evidence due to the fact that from the time frame of 1992 to 2000 the plaintiff was promoted several times and received numerous raises. All in spite of the fact that the plaintiff was allegedly complaining. Such a finding is against the weight of the evidence.

B.     A new trial should be granted on the issue of wrongful discharge and accompanying findings of the jury based upon the fact that there was substantial error in the submission of evidence relating to the issues.

As previously stated, the plaintiff offered testimony of three areas of his concern which he believes were the reason that he was terminated. These areas were an alleged incident involving business with Cuba, immigration laws and invoicing. As previously indicated, the plaintiff did not offer any evidence that he complained or voiced concerns about alleged Cuba incidents or immigration laws. However, there was the testimony relative to complaints about invoicing. The plaintiff tried numerous times to introduce various invoices and letters of complaint from clients to which the court initially sustained the defendant's objections based upon the fact that they were not only irrelevant but also constituted hearsay. However, the court later allowed individual invoices and letters of complaints to come into evidence despite the defendant's objections to the letter of complaint and emails which were submitted by third parties. This evidence was not only inadmissible due to the fact that it was hearsay, it was also inadmissible due to the fact that it was

7

irrelevant to the substantive issues concerning a claim for wrongful discharge, that being whether the plaintiff made any complaints or voiced his concerns about fraudulent invoicing to the defendant.  The fact that a client may have complained that a price or invoice was too high is completely irrelevant to the issue of whether the plaintiff made complaints to the defendant that there was fraudulent billing.

In addition, the plaintiff was allowed to testify, over objection, utilizing documents allegedly for the purpose of refreshing his recollection.  The same documents were excluded by the court when the plaintiff attempted to introduce same as exhibits.  The court indicated that a party can refresh its recollection with any document which proposition is correct.  However, the plaintiff's practice of actually reading and utilizing inadmissible documents and the court allowing the plaintiff to testify substantively to the same information and language used in exhibits which were inadmissible was inappropriate and constituted substantial and harmful error to the defendant. There was limited evidence of the invoice issue.  However, the majority of that evidence came from inappropriate sources and documents which should have been inadmissible.

**C.    The court should grant the motion for new trial on the issues and findings of wrongful discharge, willful and wanton conduct and compensatory damages based upon the fact that the jury's findings on those issues were inconsistent with the total verdict.**

The court submitted five issues as to liability to the jury.  These issues were national origin, discrimination, age discrimination, wrongful discharge and promissory estoppel.  Within the national origin discrimination section, there were two areas which the court allowed the jury to make a decision whether there was discrimination.  Both related to national origin and one related

to failure to promote the plaintiff to president of the company and the other was whether national origin was a motivating factor in the decision to terminate the defendant. The jury returned the verdict indicated no to all liability questions except a liability question relative to wrongful discharge. As the court is aware, the focus of the plaintiff's claim was on discrimination.

For the reasons set forth above as well as the reasons in the defendant's motion for judgment, this decision of the jury finding wrongful discharge and that the discharge was done willfully, wantonly or maliciously is inconsistent with the verdict as a whole.

The further basis for finding inconsistency as the answers as to damage when the jury awarded zero damages for front and back pay despite the fact that they found a wrongful discharge or wrongful termination. A finding of the jury on these issues including the compensatory damage viewed as a whole is completely inconsistent and appears as if the jury did not follow the court's instructions relative to a finding of wrongful discharge and did not consider the evidence or lack thereof on the issue.

**D.** **This motion should be granted and a new trial ordered on the issue of wrongful discharge and the jury's related findings in that the damage award was excessive or in the alternative, a remittitur on the compensatory damage award should be ordered by the court.**

The jury made the finding of compensatory damage award in the amount of $250,000.00 for the plaintiff based upon their finding of wrongful discharge. The jury's award as to economic damage was zero. The compensatory damage award is excessive and is based upon prejudice or sympathy.

The only evidence introduced on the issue of the compensatory damage award was the

testimony of the plaintiff and his wife.  This testimony was limited to the fact that he felt hurt and upset over losing his job.  There is no testimony as to the severity or duration of these feelings and there was no medical testimony or evidence of medical treatment relative to said alleged depression, humiliation or emotional distress.  Although the defendant recognizes that Connecticut does not require medical testimony on this issue, the fact that there was no such evidence leads to the fact that such a damage award was excessive in this particular matter.  Based upon the jury's findings of zero economic damages and the evidence submitted on the issue of compensatory damages appears clear that said damage award was based on sympathy for the plaintiff.  Accordingly, the court should order a new trial on this issue in that it appears that the jury was persuaded by inappropriate feelings as opposed to the evidence in making the determination as to damages.

In the alternative the court should order a remittitur to an amount that the court may consider reasonable given the nature of the evidence.  As stated, the evidence was severely lacking on the issue of compensatory damages and therefore such an award of $250,000.00 should be severely reduced.  For support of this proposition the defendant refers the court to Schanzer v. United Technology Corp., 120F. Supp. 3d. 200 (D. Conn., 2000).  In Schanzer, the jury found that there was discrimination based upon the age discrimination and employment act and found in favor of the two plaintiffs awarding them compensatory damages as well as economic damages.  The compensatory damages amount for each plaintiff was $175,000.00.  Id.  The court in Schanzer found that due to the limited evidence, which evidence appears to be similar to the evidence presented in the instant matter, it is obvious about the jury likely included in its award sympathy for

10

THE DEFENDANT SCANDINAVIAN
MARINE CLAIMS OFFICE, INC.

BY: _____
Kevin S. Coyne
Coyne, von Kuhn, Brady & Fries, LLC
999 Oronoque Lane
Stratford, CT 06614
203-378-7100
#ct11937

6o

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

PRADEEP NAYYAR

Jul 22  2 53 PM '03

v.

Civil No. 3:01CV862 GLG COURT
NEW HAVEN, CONN.

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.

## JUDGMENT

This matter came on for trial before a jury and the Honorable Gerard L. Goettel,

Senior United States District Judge.   On July 17, 2003, the jury returned a verdict for

plaintiff, Pradeep Nayyar, in the amount of $250,000.00 in compensatory damages on

the wrongful discharge issue and $24,467.00 as to breach of contract damages..

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that judgment is

entered for the plaintiff, Pradeep Nayyar, in the amount of $250,000.00 in compensatory

damages on the wrongful discharge issue and $24,467.00 as to breach of contract

damages against the defendant Scandinavian Marine Claims Office, Inc..

Dated at New Haven, Connecticut this 21st day of July, 2003.

KEVIN F. ROWE, Clerk
By
Frank DePino
Deputy Clerk

EOD  7/22/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
WATERBURY.

Oct 7  8 47 AM '03

---------------------------------X
PRADEEP NAYYAR,                  :
                                 :
              Plaintiff          :     MEMORANDUM DECISION FILED
                                 :       3:01 CV 862 (GLG)
         -against-               :
                                 :
SCANDINAVIAN MARINE CLAIMS,      :
OFFICE, INC.                     :
                                 :
              Defendant          :
---------------------------------X

Following a jury verdict for the plaintiff awarding compensatory damages of $250,000 and breach of contract damages of $24,467, both parties move for a new trial, albeit plaintiff seeks a new trial only as to the amount of damages.  The plaintiff complains that the jury did not render damages for front pay, back pay, relocation expenses or the value of the plaintiff's lost pension.  The jury was properly charged on those issues, except for pension which will be discussed below, and did not award plaintiff damages for back or future wages.  The jury, did however, award compensatory damages in the amount of $250,000 for a non-economic claim, such as pain, suffering, humiliation, and emotional distress.  While some of those generous compensatory damages for non-economic matters could quite properly have been shifted to the lost compensation claim, we can not say that the jury's verdict in that regard was wrong as a

1

matter of law.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000).

Motion for judgment as a matter of law following a jury verdict "should be granted cautiously and sparingly".  Meloff v. New York Life, Ins. Co., 240 F.3d 138, 145 (2d Cir. 2001).  At trial, the plaintiff called seven witnesses who testified at length.  Defendant had merely one brief witness.  There was sufficient evidence to support the jury's verdict and the challenges to it are overruled.

The plaintiff testified that he had complained to defendant's president about improper billing and padding of bills to clients.  While there was contradictory testimony concerning the degree of the billing problem, the jury was entitled to find in the plaintiff's favor that his complaints led to his being fired.  Invoices were introduced into evidence which showed the amount of which the client's bills were padded.  Although two of defendant's officers denied the padding of clients' bills with expenses and items unrelated to services rendered to the client, plaintiff was allowed the opportunity to rebut their denial by introducing the invoices in question.  The invoices with notes were business records and are an exception to the hearsay rule Fed.R.Civ.P. 803(6).  These padded invoices violated public policy as expressed in C.G.S.A. §53a-119.  The jury was entitled to conclude that plaintiff's termination from defendant's employment was because of his objection to these billings and was

2

improper and a violation of public policy.  Sheets v. Teddy's
Frosted Foods, Inc., 197 Conn. 471 (1980).  Another reason
leading to the plaintiff's termination was his objection to the
defendants doing business in Cuba, contrary to United States
Government regulations.  31 C.F.R. §515.201(b)(2003).  This too
was contrary to public policy.  We therefore deny defendant's
motion for a new trial [Doc. #65].

With respect to the plaintiff's objection to the amount of
the jury's award, a jury's damage award may not be set aside as
inadequate.  Dimick v. Schiedt, 293 U.S. 474, 486 (1935).  A
federal judge cannot make an order of additur.  Peebles v.
Circuit City Stores, Inc., No. 01 Civ. 10195 (CSH), 2003 WL
21976402 at * 13 (S.D.N.Y. Aug. 19, 2003).

The Court did preclude evidence concerning lost pension
benefits.  That was done because the contract between the parties
specifically called for the arbitration of all pension disputes.
It should be noted during a conference in chambers before trial,
plaintiff's counsel stated that he would not be pursuing the
pension benefits claim.  Consequently, it was appropriate not to
give that matter to the jury.

With respect to the relocation bonus, which is also an item
disputed by the plaintiff, that issue was presented to the jury
as a promissory estoppel claim and the jury ruled against
plaintiff.  Consequently, the motions for a new trial are in all

3

respects denied [Docs. #63 & 65].


SO ORDERED.


Dated:   October 6, 2003
         Waterbury, CT                    _____
                                          Gerard L. Goettel
                                          U.S.D.J.

4